UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND / ODESSA DIVISION

| | |
|---|---|
| CARLOS BLANCO and JESSIE BISHOP, Each Individually and On Behalf of All Others Similarly Situated,<br><br>v.<br><br>PROPETRO SERVICES, INC. | **Case No.: 7:17-cv-00253**<br>Collective Action (29 U.S.C. § 216(b))<br>Class Action (Fed. R. Civ. P. 23) |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### Summary

1. ProPetro Services, Inc. ("ProPetro") is an oilfield services company operating throughout North America, including in New Mexico. ProPetro employs hundreds of oilfield personnel to carry out its work.

2. To perform its services, ProPetro employs hundreds of workers.

3. ProPetro paid Carlos Blanco ("Blanco") an hourly rate and non-discretionary bonuses. ProPetro is required to include these bonuses in calculating the "regular rate" it used to pay overtime to Blanco. 29 U.S.C. § 207(a), (e). But ProPetro did not include these bonuses in calculating the regular rate used to pay Blanco. So when Blanco worked more than 40 hours in a week, ProPetro paid him overtime based on an artificially low regular rate.

4. ProPetro paid Jesse Bishop ("Bishop") differently. ProPetro paid Bishop a base salary and a bonus, but did not pay him overtime for hours that he worked in excess of 40 hours per week.

5. ProPetro's policy of failing to pay overtime compensation and/or excluding bonuses from its employees' regular rates violates the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 207(e).

6. ProPetro's policy also violates the New Mexico Minimum Wage Act ("NMMWA"), NMSA § 50-4-19, *et seq.*

7. Carlos Blanco and Jessie Bishop (collectively, "Plaintiffs") are two of the hundreds of non-exempt employees who were denied proper overtime wages due to ProPetro's illegal policy.

8. Plaintiffs bring this collective and class action to recover the unpaid overtime and related damages owed to ProPetro's workers under the FLSA and NMMWA.

## JURISDICTION AND VENUE

9. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA, 29 U.S.C. § 216(b).

10. The Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in this District.

12. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) because ProPetro is headquartered in this District and Division.

## THE PARTIES

13. Blanco was employed by ProPetro as an Equipment Operator from August 2012 to March 2016.

14. ProPetro paid Blanco by the hour. In addition to his hourly rate, Blanco received non-discretionary bonuses from ProPetro.

15. Although Blanco regularly worked 80 or more hours in a week, ProPetro did not pay Blanco overtime based on the required regular rate.

16. The "Hourly Class" consists of all ProPetro employees who received hourly pay and a non-discretionary bonus, but whose overtime rate did not include the bonuses they received. Blanco is a member of the Hourly Class.

17. Blanco's written consent is attached as Exhibit A.

18. From March 2015 to April 2016, Bishop was employed by ProPetro as a Flowback Operator, and then a Coil Operator.

19. ProPetro paid Bishop on a salary basis. In addition to his regular pay, Bishop received bonuses from ProPetro.

20. Although he regularly worked 80 or more hours in a week, ProPetro did not pay Bishop overtime for hours worked in excess of 40 hours per week.

21. The "Salaried Class" consists of all ProPetro employees who received a salary, but no overtime compensation for hours worked in excess of 40 hours per week. Bishop is a member of the Salaried Class.

22. Bishop's written consent to is attached as Exhibit B.

23. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees under § 16(b) of the FLSA (the "FLSA Class"). *See* 29 U.S.C. § 216(b).

24. The FLSA Class includes, but are not necessarily limited to Equipment Operators, Flowback Operators, and Coil Operators.

25. The FLSA Class was subjected to the same unlawful policy as Plaintiffs.

26. The members of the FLSA Class are easily ascertainable from ProPetro's business records, particularly its personnel records.

27. Plaintiffs also bring this action on behalf of all similarly situated employees employed in New Mexico (the "New Mexico Class").

28. The New Mexico Class includes, but is not necessarily limited to Equipment Operators, Flowback Operators, and Coil Operators, employed in New Mexico.

29. The New Mexico Class was subjected to the same unlawful policy as Plaintiffs.

30. Collectively, the FLSA Class Members and NMMWA Class Members are referred to as "Putative Class Members."

31. ProPetro is a Texas corporation doing business throughout North America.

32. ProPetro does business throughout New Mexico.

33. ProPetro can be served through its registered agent for service of process, **CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136**, or by any other method permitted by law.

## FACTS

34. ProPetro is an oil and natural gas company operating throughout North America, including New Mexico, and employs oilfield personnel to carry out its work. *See* https://www.propetroservices.com/about (last visited Dec. 15, 2017).

35. ProPetro employs hundreds of workers.

36. ProPetro's workers handle and/or work on goods or materials that moved in, or were produced for, interstate commerce.

37. ProPetro annual revenue exceeds the FLSA's $500,000 threshold for enterprise coverage.

38. Accordingly, ProPetro is an enterprise engaged in interstate commerce, is covered by the FLSA, and is subject to the FLSA's recordkeeping requirements and overtime wage requirements.

39. ProPetro recorded the hours worked by its non-exempt employees, including Plaintiffs.

### Blanco and the Hourly Class

40. Plaintiff Blanco is a typical member of the Hourly class. Members of this class all perform similar job duties and are paid under the identical challenged pay practice.

41. ProPetro paid Blanco an hourly rate.

42. In addition to his regular pay, ProPetro also paid Blanco bonuses.

43. These bonuses were non-discretionary.

44. For example, ProPetro paid Blanco non-discretionary bonuses when certain requirements were met.

45. Blanco regularly worked more than 40 hours each week.

46. ProPetro typically scheduled Blanco for 12 hours of work a day.

47. While working in the oilfield, Blanco typically worked at least 12 hours a day.

48. ProPetro scheduled Blanco for as many as 7 days a week.

49. Blanco regularly worked 7 days in a single week.

50. As a result, Blanco regularly worked 84 (or more) hours a week.

51. ProPetro knew Blanco was working overtime since it scheduled him for as many as 84 hours a week and recorded the hours he worked.

52. When Blanco worked more than 40 hours in a week, ProPetro paid Blanco overtime, but this overtime was only based on his hourly rate.

53. ProPetro did not add in non-discretionary bonuses when calculating Blanco's overtime pay.

54. Under the FLSA and the NMMWA, ProPetro was required to include bonuses in calculating Blanco's overtime pay.

55. As a result, Blanco was paid overtime based only on his hourly rate, rather than his full "regular rate" as required by the FLSA and the NMMWA.

56. ProPetro's standard operating procedure is to calculate overtime without including non-discretionary bonuses in its workers' regular rates of pay.

57. So although ProPetro's payroll records reflect that Blanco regularly worked overtime, was entitled to overtime pay, and received non-discretionary bonuses, ProPetro failed to pay Blanco proper overtime compensation.

58. The Hourly Class all worked similar hours and were denied proper overtime as a result of the same illegal pay practice.

59. ProPetro's records establish the Hourly Class regularly worked more than 40 (in fact, often more than 80) hours in a week.

60. Like Blanco, the workers in the Hourly Class receive non-discretionary bonuses.

61. ProPetro was required to include these bonuses in calculating overtime pay. 29 U.S.C. § 207(e); 29 C.F.R. § 778.209.

62. But because ProPetro's standard operating procedure is to calculate overtime without including non-discretionary bonuses in the workers' regular rates of pay, the Hourly Class was denied overtime pay in the same manner as Blanco.

63. ProPetro knew, or showed regardless disregard, for whether its policy of excluding bonuses when calculating overtime pay violated the FLSA and the NMMWA.

**Bishop and the Salaried Class**

64. Plaintiff Bishop is a typical member of the Salaried Class. Members of this class all perform similar job duties and are paid under the identical challenged pay practice.

65. Bishop worked for ProPetro as an equipment operator within the statutory time period. His primary job duties included testing wells, cleaning wells, operating oilfield machinery, collecting/relaying data, and reporting his daily activities to his field supervisors for analysis.

66. Bishop would conduct his day to day activities within designated parameters and in accordance with a predetermined well plan.

67. The well plan was created, implemented, and regularly maintained by the well site supervisors (and not the members of the Salaried Class).

68. Bishop's activities were routine and largely governed by standardized plans and checklists created by ProPetro. Every element of Bishop's job was predetermined for him by ProPetro

and his superiors, including the tools to use at a job site, the data to compile, his work and related work duties.

69. Bishop was prohibited from varying his job duties outside of the predetermined parameters. Bishop's job functions were primarily manual labor/technical in nature, requiring little to no official training.

70. Likewise, a college education was not required for the completion of his job.

71. Bishop did not have any supervisory or management duties.

72. The Salaried Class all worked similar hours and were denied overtime as a result of the same illegal pay practice.

73. ProPetro's records establish the Salaried Class regularly worked more than 40 (in fact, often more than 80) hours in a week.

74. No matter how many hours these individuals worked in excess of forty hours per week, the Salaried Class was not paid overtime compensation.

75. ProPetro knew, or showed regardless disregard, for whether its policy of not paying overtime violated the FLSA and the NMMWA.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

76. Plaintiffs bring their claims under the FLSA as a collective action.

77. The members of the FLSA Class are similarly situated to Plaintiffs in all relevant respects.

78. Plaintiffs brings their claim under the NMMWA as a Rule 23 class action.

79. The members of the New Mexico Class are similarly situated to Plaintiffs in all relevant respects.

80. The same policy that caused Plaintiffs to be shorted on their overtime pay caused ProPetro's other workers to be shorted on their overtime pay as well.

81. While the precise job duties performed by the FLSA Class and the New Mexico Class might vary somewhat, these differences don't matter for the purposes of determining their entitlement to overtime.

82. Nor do any differences in job duties matter for determining whether ProPetro's policy of excluding bonuses from their overtime calculations (the Hourly Class) or failing to pay overtime (the Salaried Class) is legal (it isn't).

83. The members of the FLSA Class are all entitled to overtime after 40 hours in a week, and the overtime they are entitled to must be calculated in a manner consistent with the regular rate requirements of the FLSA. 29 U.S.C. § 216(b).

84. The members of the New Mexico Class are all entitled to overtime after 40 hours in a week, and the overtime they are entitled to must be calculated in a manner consistent with the regular rate requirements of the NMMWA.

85. ProPetro employed many hourly and salaried employees like Plaintiffs in the United States during the past 3 years.

86. The members of the FLSA Class are geographically disbursed, residing and working in multiple states.

87. ProPetro employed many hourly and salaried employees like Plaintiffs in New Mexico during the past three years.

88. The members of the New Mexico Class are geographically disbursed, residing and working in multiple states.

89. Because the members of the New Mexico Class and the FLSA Class do not have fixed work locations, these individuals may work in different states across the country in the course of a given year.

90. Most of the questions related to the FLSA Class and the New Mexico Class can be answered on a collective basis.

91. ProPetro exercised its pay practices at issue in this case on the basis of established policies.

92. ProPetro's policies either comply with the FLSA and the NMMWA, or they do not, and this decision can be made on a class-wide basis.

93. ProPetro's payroll and time-keeping records would permit accurate calculation of damages with respect to each member of the FLSA and the New Mexico Classes.

94. Absent a collective action, many members of the FLSA Class likely will not obtain redress of their injuries and ProPetro will retain the proceeds of its violations of the FLSA.

95. Absent a class action, many members of the New Mexico Class likely will not obtain redress of their injuries and ProPetro will retain the proceeds of its violations of the NMMWA.

96. Individual litigation would be unduly burdensome to the judicial system.

97. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

### FIRST CAUSE OF ACTION—VIOLATION OF THE FLSA

98. Plaintiffs incorporate the preceding paragraphs by reference.

99. At all relevant times, ProPetro has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

100. ProPetro employed Plaintiffs and each member of the FLSA Class.

101. ProPetro's pay policy denied Plaintiffs and the FLSA Class overtime compensation as required by the FLSA.

102. ProPetro's failure to pay Plaintiffs and the FLSA Class proper overtime violates 29 U.S.C. § 207.

103. ProPetro's conduct, as described herein, was in willful violation of the FLSA.

104. Due to ProPetro's FLSA violations, Plaintiffs and the FLSA Class are entitled to recover from ProPetro their unpaid (Salaried Class) or underpaid (Hourly Class) overtime compensation, liquidated damages, reasonable attorney fees, costs, and expenses of this action.

**SECOND CAUSE OF ACTION - VIOLATION OF THE NMMWA**

105. The conduct alleged in this Complaint violates the NMMWA.

106. ProPetro was and is an "employer" within the meaning of the NMMWA.

107. At all relevant times, ProPetro employed Plaintiffs, and each of the New Mexico Class members, as an "employee" within the meaning of the NMMWA.

108. The NMMWA requires an employer like ProPetro to pay overtime to all non-exempt employees.

109. Plaintiffs and the other New Mexico Class members are non-exempt employees who are entitled to be paid overtime for all overtime hours worked.

110. Within the applicable limitations period, ProPetro had a policy and practice of failing to pay proper overtime to the New Mexico Class members for their hours worked in excess of 40 hours per week.

111. As a result of ProPetro's failure to pay proper overtime to Plaintiffs and the New Mexico Class members for work performed in excess of 40 hours in a workweek, ProPetro violated the NMMWA.

112. Plaintiffs and the other New Mexico Class members seek the amount of their underpayments based on ProPetro's failure to pay overtime (the Salaried Class) or ProPetro's failure to pay overtime at 1.5 times their regular rates of pay (the Hourly Class) for work performed in excess of 40 hours in a week, an equal amount as liquidated damages, and such other legal and equitable relief from ProPetro's willful conduct as the Court deems just and proper.

113. Plaintiffs and the New Mexico Class members seek recovery of attorneys' fees and costs of this action to be paid by ProPetro, as provided by the NMMWA.

**JURY DEMAND**

114. Plaintiffs demand a trial by jury.

**PRAYER**

WHEREFORE, Plaintiffs pray for:

a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the FLSA Class to permit them to join this action by filing a written notice of consent;

b. An order certifying Plaintiffs' claims under the NMMWA as a class action under Rule 23, appointing Blanco and Bishop as class representatives, and their counsel as Class Counsel;

c. A judgment against ProPetro awarding Plaintiffs, the FLSA Class, and the New Mexico Class all their unpaid overtime compensation and an additional, equal amount, as liquidated damages under the FLSA, as well as any compensation, damages, penalties, and/or interest under the NMMWA;

d. An order awarding attorney fees, costs, and expenses;

e. Pre- and post-judgment interest at the highest applicable rates; and

f. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: ***/s/ Matthew S. Parmet***
    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    Matthew S. Parmet
    Texas Bar No. 24069719

**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:    (713) 877-8788
Telecopier:    (713) 877-8065
rburch@brucknerburch.com
mparmet@brucknerburch.com

Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Telephone: (713) 352-1100
Telecopier: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

**Attorneys for Plaintiffs**